922 F.2d 836
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Luther Eugene FRIEND, Jr., Defendant-Appellant.
 No. 89-5248.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 5, 1990.
Decided Jan. 2, 1991.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. James C. Turk, Chief District Judge. (CR-89-51-R)
 Linda Marie Betleski, Uttal, Roanoke, Va. (Argued), for appellent; John Palmer Fishwick, Jr., Roanoke, Va., on brief.
 Jerry Walter Kilgore, Assistant United States Attorney, Roanoke, Va. (Argued), for appellee; John P. Alderman, United States Attorney, Jean M. Barrett, Assistant United States Attorney, Roanoke, Va., on brief.
 W.D.Va.
 AFFIRMED.
 Before K.K. HALL and MURNAGHAN, Circuit Judges, and FREDERICK P. STAMP, Jr., United States District Judge for the Northern District of West Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Luther Eugene Friend, Jr., appeals the sentence imposed upon him under the Sentencing Guidelines, contending that the district court erred by not applying the mitigating specific offense characteristics referring to intended lawful use of a firearm. We affirm.
 
 I.
 
 2
 Friend, a convicted felon, purchased a rifle on December 9, 1987. Before the purchase could be finalized, appellant was required to complete Bureau of Alcohol, Tobacco and Firearms Form 4473 on which one question inquired whether Friend had ever been convicted of a felony. Friend stated on the form that he had not been convicted of a felony. Friend then took possession of the rifle.
 
 
 3
 Friend was indicted in April 1989, charged with (1) making a false statement to obtain a firearm and (2) possession of a firearm by a convicted felon. On August 21, 1989, appellant pled guilty to both counts. The trial judge directed the United States Probation Office to prepare a presentence report, upon which Friend would then have the opportunity to comment. See United States Sentencing Commission, Guidelines Manual, Sec. 6A1.1 (Oct. 1987); Fed.R.Crim.P. 32(c)(3)(A). Friend made several objections to the presentence report, none of which raised the issue now on appeal.
 
 
 4
 At sentencing, the trial court found that Friend's base offense variable level was nine. U.S.S.G. Sec. 2K2.1. The district judge reduced appellant's offense level by two for acceptance of responsibility, leaving a total offense level of seven. U.S.S.G. Sec. 3E1.1. Friend did not object to this finding. The court next calculated Friend's criminal history variable under U.S.S.G. Sec. 4A1.1, concluding that the appropriate criminal history category was V. Applying the calculated categories, the district court determined that the guideline range for sentencing on each count was twelve to eighteen months imprisonment plus a fine of $500 to $5,000. The district judge sentenced Friend to eighteen months imprisonment on each count, to run concurrently, to be followed by a three year period of supervised release. The court further found that Friend was unable to pay any fine and imposed no fine.
 
 II.
 
 5
 In reviewing a sentence, "[t]he court of appeals ... shall accept the findings of fact of the district court unless they are clearly erroneous and shall give due deference to the district court's application of the guidelines to the facts." 18 U.S.C. Sec. 3742(e). See also United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir.1989) ("If the issue turns primarily on a factual determination, an appellate court should apply the 'clearly erroneous' standard.").
 
 
 6
 In the commentary to Section 2K2.1, the commissioners note that "[a]part from the nature of the defendant's criminal history, his actual or intended use of the firearm is probably the most important factor in determining the sentence." U.S.S.G. Sec. 2K2.1, comment n. 1 (Oct. 1987). Friend stated at sentencing that "[he] likes a rabbit to eat, a squirrel--stew or stuff made out of rabbits and squirrels and once in a while a deer." Friend now argues on appeal that the trial judge implicitly accepted his explanation of his intended use and therefore erred in failing to mitigate the offense level by four for "possess[ion] [of] the firearm solely for sport [or] recreation." U.S.S.G. Sec. 2K2.1(b)(3).
 
 
 7
 As the government points out, however, Friend also stated in response to direct and cross examination that: "I've had a feeling in my heart ... that I'd have to kill [my next door neighbor] one way or another.... I've still got that feeling in my heart...." If Friend intended to use the rifle in furtherance of his "feeling" he would neither be acting within the law nor "possessing the firearm solely for sport [or] recreation." Thus, there is sufficient evidence upon the record for the district judge to determine as a matter of fact that Friend's intended use of the rifle was not "solely for sport [or] recreation," and that he was therefore not entitled to a four level reduction of the offense level. The trial court's finding is not clearly erroneous and should not be disturbed.
 
 
 8
 Additionally, under United States v. Urrego-Linares, 879 F.2d 1234 (4th Cir.1989), "the [appellant] has the burden of establishing by a preponderance of the evidence the applicability of the mitigating factor in question." Id. at 1239. Friend has failed to meet this burden by not raising the issue of the mitigating characteristic referring to intended lawful use of a firearm or offering any evidence in support of its application either in his objections to the presentence report or at sentencing. Urrego-Linares, therefore, also requires that Friend's appeal be rejected.
 
 
 9
 The district court's factual determinations under the Sentencing Guidelines are not clearly erroneous and appellant Friend has failed to establish by a preponderance of the evidence that the mitigating characteristic referring to intended lawful use of a firearm is applicable here. The judgment is
 
 
 10
 AFFIRMED.